WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin
Frank Grese
Erika del Nido

Attorneys for Helen Biggett

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                         :

In re                          :        Chapter 7
                          :

**CALVIN JACKSON,**           :        **Case No. 12-13722 (BRL)**
                          :

              **Debtor.**      :
                          :

------------------------------------------------------------------x

### NOTICE OF MOTION OF HELEN BIGGETT
### FOR CONTEMPT SANCTIONS AND RELATED RELIEF

PLEASE TAKE NOTICE that a hearing on the annexed Motion (the "Motion") of

Helen Biggett ("Ms. Biggett") for contempt sanctions and related relief, all as more fully

described in the Motion, will be held before the Honorable Burton R. Lifland, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 623, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**August 6, 2013 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable Burton R. Lifland, One Bowling Green, New York, New York

10004, Courtroom 623; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New

York 10153, Attn: Stephen Karotkin, Frank Grese, and Erika del Nido, attorneys for Ms. Biggett;

(iii) the Office of the Chapter 7 Trustee, Meyer, Suozzi, English & Klein, P.C., 990 Stewart

Avenue, Suite 300, P.O. Box 9194, Garden City, New York 11530-9194, Attn: Jil Mazer-

Marino, Esq.; (iv) Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O.

Box 9194, Garden City, New York 11530-9194, Attn: Edward J. LoBello, Esq., attorney for the

Chapter 7 Trustee; (v) the Office of the United States Trustee, 201 Varick Street, Suite 1006,

New York, New York 10014; and (vi) any person or entity with a particularized interest in the

Motion, so as to be so filed and received by no later than **July 23, 2013 at 4:00 p.m. (Prevailing

Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

US_ACTIVE:\44280874\7\99995.4531

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  July 10, 2013
      New York, New York

                        /s/ Stephen Karotkin
                        Stephen Karotkin
                        Frank Grese
                        Erika del Nido

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Helen Biggett

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Stephen Karotkin
Frank Grese
Erika del Nido

Attorneys for Helen Biggett

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                   :

| | | |
|---|---|---|
| **In re** | : | **Chapter 7** |
| | : | |
| **CALVIN JACKSON,** | : | **Case No. 12-13722 (BRL)** |
| | : | |
| Debtor. | : | |
| | : | |

-------------------------------------------------------------------x

**MOTION OF HELEN BIGGETT**
**FOR CONTEMPT SANCTIONS AND RELATED RELIEF**

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

        Helen Biggett ("Ms. Biggett"), a creditor in the above-captioned case (the

"Chapter 7 Case"), files this motion (the "Motion") for contempt sanctions and related relief

against Calvin Jackson (the "Debtor") for the Debtor's failure to comply with the (i) *Order*

*Granting Motion of Helen Biggett, Pursuant to Bankruptcy Rule 2004, to Direct the Examination*

*of Witnesses and for the Production of Documents* [ECF No. 46] (the "Discovery Order") and (ii)

*Order Granting Motion of Helen Biggett to Compel Compliance with Order Granting Motion,*

*Pursuant to Bankruptcy Rule 2004, to Direct the Examination of Witnesses and for the*

*Production of Documents* [ECF No. 66] (the "Order to Compel"), and respectfully represents:

## PRELIMINARY STATEMENT

1.      In 2009, Ms. Biggett, an elderly woman in her eighties living in Queens,

obtained a judgment against the Debtor for breach of a contract to complete construction work

on her home, after Ms. Biggett had paid the Debtor over $305,000.00, a substantial portion of her

assets.  When Ms. Biggett sought information from the Debtor in hopes of enforcing the

judgment, the Debtor stonewalled Ms. Biggett and commenced the Chapter 7 Case to avoid Ms.

Biggett's judgment.  The Debtor's evasion of his responsibilities continues in this forum.  For

over four months, the Debtor has failed to comply fully with the Discovery Order.  In addition,

the Debtor has entirely ignored the Order to Compel.  Ms. Biggett continues to be prejudiced by

the Debtor's unreasonable delay and failure to obey two lawful orders of this Court.

## BACKGROUND

2.      Prior to commencement of the Chapter 7 Case, the Debtor operated

various business ventures, including Dune Rite Cleaning Contractors ("Dune Rite").  In 2006,

the Debtor, Dune Rite, and Ms. Biggett entered into an agreement whereby the Debtor and his

business agreed to complete various construction work for Ms. Biggett on her home.  Ms.

Biggett paid the Debtor and Dune Rite approximately $305,000.00.  After receiving payment, the

Debtor and Dune Rite did not complete the project.  The Debtor and Dune Rite carelessly and

negligently used inferior, unsuitable and defective material, and performed their services in a

careless, negligent, and un-workmanlike manner.

3.      After being informed repeatedly by Ms. Biggett that the work was either

not completed properly or not completed at all, the Debtor and Dune Rite ceased all work and

refused to respond to Ms. Biggett's repeated requests for them to contact her (but kept Ms.

Biggett's $305,000.00).

2

4.      Ms. Biggett was forced to hire and pay other contractors to finish some of the work that the Debtor and Dune Rite were supposed to complete so that her home would be in a livable condition.

5.      On September 13, 2007, Ms. Biggett filed suit against the Debtor alleging breach of contract, breach of warranty, and negligence, and on March 12, 2009, the Supreme Court of the State of New York, County of Queens (the "State Court"), awarded Ms. Biggett a default judgment (the "Judgment") in the amount of $133,040.00 plus interest from May 31, 2007. *See* Decision and Order After Inquest, New York State Supreme Court Queens County, Index No. 23654/07, Mar. 12, 2009.  On March 4, 2011, the Judgment was revised to reflect interest in the amount of $45,040.11, for a total judgment in the amount of $178,080.41. *See* Judgment Rendered in Favor of Plaintiff, New York State Supreme Court Queens County, Index No. 23654/07, Mar. 4, 2011.

6.      After Ms. Biggett struggled to gather from the Debtor information necessary for enforcement of the Judgment, in late 2011, she instructed her counsel from the Legal Aid Society to petition the State Court to order the issuance of an information subpoena (the "Subpoena") to the Debtor.  On February 3, 2012, the State Court ordered the issuance of the Subpoena, which was served, on numerous occasions, on the Debtor and his counsel.  After the Debtor's repeated failure to adequately respond to the Subpoena, on June 20, 2012, the State Court issued an Order to Show Cause to Punish for Contempt of Court (the "Order to Show Cause") based on the Debtor's noncompliance with the Subpoena.

7.      On August 30, 2012, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  On April 25, 2013, Ms. Biggett filed a proof of claim against the Debtor

3

in an amount not less than $195,917.09.  Ms. Biggett is by far the largest unsecured creditor in

this Chapter 7 Case.

**FAILURE TO COMPLY WITH THE
DISCOVERY ORDER AND ORDER TO COMPEL**

8.      On February 11, 2013, the Court entered the Discovery Order, a copy of

which is attached hereto as Exhibit A.  The Discovery Order required, among other things, that

the Debtor comply with the document request attached thereto by February 21, 2013, pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9.      Over the next two months, counsel to Ms. Biggett made numerous,

unanswered requests of the Debtor's counsel for production.  On April 29, 2013, counsel to Ms.

Biggett received a letter, dated April 26, 2013, in connection with the Discovery Order (the

"Limited Production").  Notwithstanding that the Limited Production was received over two

months after the deadline for production had passed, the Limited Production received on April

29, 2013 failed to respond to the majority of the requests set forth in the Discovery Order, as

detailed in the Motion to Compel (defined below).

10.     On April 30, 2013, counsel to Ms. Biggett sent a letter to Debtor's counsel

requesting full and immediate compliance with the Discovery Order.  Again, the Debtor failed to

comply (or even respond), and on May 16, 2013, Ms. Biggett filed the *Motion of Helen Biggett*

*to Compel Compliance with Order Granting Motion, Pursuant to Bankruptcy Rule 2004, to*

*Direct the Examination of Witnesses and for the Production of Documents* [ECF No. 59] (the

"Motion to Compel").

11.     Notably, the Debtor did not file a response to the Motion to Compel.  On

June 6, 2013, the Court entered the Order to Compel, a copy of which is attached hereto as

Exhibit B.  The Order to Compel required the Debtor to comply with the Discovery Order by

4

June 17, 2013.  The deadline for compliance with the Order to Compel has long passed, and Ms.

Biggett's counsel has received no communication or documentation from the Debtor.  On June

19, 2013, Ms. Biggett's counsel sent a letter to Debtor's counsel stating that unless the Debtor

fully complies with the Order to Compel by June 25, 2013, appropriate remedies would be

sought from the Court.  A copy of the June 19, 2013 letter is attached hereto as <u>Exhibit C</u>.  On

June 20, 2013, Debtor's counsel replied with a brief email stating that the Debtor had no access

to any of his documents.  To date, the Debtor still has not complied with the Order to Compel.

## JURISDICTION

12.    This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

13.    Pursuant to Bankruptcy Rule 9020 and section 105 of chapter 1 of title 11

of the United Stated Code (the "<u>Bankruptcy Code</u>"), Ms. Biggett respectfully requests that the

Debtor be held in contempt of court and subject to monetary sanctions, and the deadline to move

to dismiss the Chapter 7 Case, to object to the Debtor's discharge, and to object to the

dischargeability of certain debts, is extended *sine die*, subject to further order of the Court.

## BASIS FOR RELIEF

14.    "[C]ourts have inherent power to enforce compliance with their lawful

orders through civil contempt."  *Spallone v. United States*, 493 U.S. 265, 276 (1990) (*quoting*

*Shillitani v. United States*, 384 U.S. 364 (1966)).  "The power to fine and imprison for contempt,

from the earliest history of jurisprudence, has been regarded as a necessary incident and attribute

of a court, without which it could no more exist than without a judge."  *Sigety v. Abrams*, 632

F.2d 969, 976 (2d Cir.1980).  "It is well accepted, in light of the 2001 amendments to Rule 9020,

5

that bankruptcy courts have power to enter civil contempt orders." *In re MarketXT Holdings Corp.*, No. 04–12078, 2006 WL 408317 at *1 (Bankr. S.D.N.Y. Jan. 27, 2006).

15.     "[S]anctions for civil contempt serve two purposes: to coerce future compliance and to remedy any harm past noncompliance caused the other party." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Info. Tech., Inc.*, 369 F.3d 645 (2d Cir. 2004) (*quoting King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995)).

16.     Both the Discovery Order and the Order to Compel clearly and unambiguously required the Debtor to produce certain documents by date certain. The Debtor failed to produce the vast majority of documents requested in the Discovery Order, and the Debtor has not produced any documents in connection with the Order to Compel. Thus, it is clear that the Debtor is in flagrant violation of two orders of this Court. The Debtor has had the benefit of over four months' time to obtain and collect the information requested in the Discovery Order. The Debtor has not diligently attempted to comply with the Discovery Order and the Order to Compel in a reasonable matter. Indeed, the Debtor apparently has determined to ignore orders of this Court in direct violation thereof and in a manner completely inconsistent with his obligations as a debtor under chapter 7 of the Bankruptcy Code. This behavior should not be countenanced by the Court.

17.     Ms. Biggett's rights continue to be prejudiced by the Debtor's failure to comply with the Discovery Order and the Order to Compel. Indeed, under the applicable

6

authority set forth above, it is abundantly clear that an order of contempt and appropriate

sanctions are more than warranted and appropriate.  If the Debtor fails to fully comply with the

Order to Compel within ten (10) days of the entry of an order granting this Motion, then the

Debtor should be required to pay a daily fine in the amount of $400 per day, payable to the estate

from postpetition assets of the Debtor, beginning on the eleventh (11th) day after the entry of an

order granting this Motion, until the Debtor fully complies with the Order to Compel.

18.     Finally, due to the Debtors' failure to comply with the Discovery Order

and Order to Compel, Ms. Biggett has been unable to determine whether to move to dismiss the

Chapter 7 Case, to object to the Debtor's discharge, or to object to the dischargeability of certain

debts.  As such, Ms. Biggett's deadlines with respect to such matters should be extended *sine die*,

subject to further order of the Court

## RESERVATION OF RIGHTS

19.     Ms. Biggett reserves all rights, including the right to pursue additional

sanctions, such as fees and costs.

## NOTICE

20.     Ms. Biggett has served notice of this Motion on the Debtor at his last

known address, counsel for the Debtor, the chapter 7 trustee in this Chapter 7 Case, proposed

counsel to the chapter 7 trustee, and the Office of the United States Trustee.  Ms. Biggett submits

that no other or further notice need be provided.

US_ACTIVE:\44280874\7\99995.4531

## NO PRIOR REQUEST

21.    No prior motion for the relief requested herein has been made to this Court

or any other Court.

WHEREFORE Ms. Biggett requests that the Court grant the relief requested

herein, and that Ms. Biggett be granted such other and further relief is just.

Dated: July 10, 2013
       New York, New York

                                    /s/ Stephen Karotkin
                                    Stephen Karotkin
                                    Frank Grese
                                    Erika del Nido

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Helen Biggett

8

# **EXHIBIT A**

# **DISCOVERY ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
In re                                                     :         **Chapter 7**
                                                          :
CALVIN JACKSON,                                           :         **Case No. 12-13722 (SMB)**
                                                          :
                                    Debtor.               :
                                                          :
-------------------------------------------------------------------x

**ORDER GRANTING**
**MOTION OF HELEN BIGGETT, PURSUANT TO**
**BANKRUPTCY RULE 2004, TO DIRECT THE EXAMINATION**
**OF WITNESSES AND FOR THE PRODUCTION OF DOCUMENTS**

Upon the Motion, dated January 28, 2013 (the "Motion"),[1] of Helen Biggett ("Ms. Biggett"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing Ms. Biggett to issue subpoenas for the examination of witnesses and production of documents, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the hearing on the Motion and related response deadline, solely with respect to Ms. Tianna (Jackson) Baez, who for the purposes of this Order shall not be one of the Discovery Parties, is adjourned *sine die*; and it is further

ORDERED that the Debtor shall comply with the document request attached hereto as Exhibit 1 by no later than ten (10) days after the entry of this order;

ORDERED that Ms. Biggett is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents from the Debtor and the Discovery Parties to accomplish the discovery authorized by this Order; and it is further

ORDERED that, unless otherwise agreed to by Ms. Biggett, the Debtor and the Discovery Parties shall have ten (10) days from the service of a subpoena to produce to Ms. Biggett all responsive documents requested in Ms. Biggett's subpoena; and it is further

ORDERED that the Debtor and the Discovery Parties shall produce themselves for examination by counsel to Ms. Biggett under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Ms. Biggett; and it is further

ORDERED that, to the extent necessary, the Debtors' rights are reserved to request additional depositions and any additional documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the depositions provided pursuant to this Order; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to Ms. Biggett's right to file

further motions seeking additional documents and testimony pursuant to Bankruptcy Rule

2004(a) or any other applicable law.


Dated: February 11, 2013
    New York, New York

                                        /s/ Burton R. Lifland_____
                                        HONORABLE BURTON R. LIFLAND

**EXHIBIT 1**

**SCHEDULE OF DOCUMENTS TO BE PRODUCED BY CALVIN JACKSON**

**DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below and should be given their most expansive and inclusive interpretation unless otherwise expressly limited. This includes, without limitation, the following.

1.      The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

2.      The term "any" shall mean any, all, each, and every.

3.      The term "concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

4.      The terms "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Jackson" shall mean "Calvin Jackson."

6.      "Biggett" shall mean Helen Biggett.

7. "Dune Right" shall mean "Dune Rite Cleaning Contractors," "Dune Rite Cleaning Company," and all other aliases for such business.

8. "Businesses" shall mean Dune Rite (as defined above), CJ Consultants, Gilgal Associates, Inc., CK Beauty Supply, CG Beauty Supply Inc, LP Beauty Supply, United Restoration & Development, all aliases associated with each of these businesses, and any other business that Jackson owned or was associated with from January 1, 2005 to the present, including any corporations, sole proprietorships, partnerships, and informal business enterprises.

9. The word "including" means including, but not limited to.

10. "You," and "Your" shall mean Calvin Jackson, and any person, entity, or organization acting on his behalf or under his control, including any of his employers, employees, agents, representatives, family members, friends, acquaintances or business associates.

## GENERAL INSTRUCTIONS

The following General Instructions apply to each request set forth herein.

1. Terms shall be construed so that the masculine, feminine, and neuter pronouns include other genders.

2. The present tense of a verb shall include its past tense and vice versa.

3. Each request seeks production of each document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document.

4. If any document requested herein was formerly in your possession, custody or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who

prepared or authored the document and, if applicable, the person(s) to whom the document was

sent, (c) specifying the date on which the document was prepared or transmitted and (d)

specifying the date on which the document was lost or destroyed and, if destroyed, the conditions

of and reasons for such destruction and the person(s) requesting and performing the destruction.

5.      If any document requested herein is withheld on the basis of any claim of

privilege, you are requested to submit, in lieu of any such document, a written statement (a)

identifying the person(s) who prepared or authored the document, and, if applicable, the

person(s) to whom the document was sent or shown, (b) specifying the date on which the

document was prepared or transmitted, (c) describing the nature of the document (e.g., letter,

telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute

work product, and (e) identifying the paragraph of this request to which the document relates.

6.      All documents are to be produced as kept in the usual course of business

or are to be organized and labeled to correspond with the categories in this request.  The method

for production of each category is to be identified at the time of production.  Documents are to be

produced in full and unexpurgated form.

7.      Each page of each document should be numbered consecutively.  A

request for a document shall be deemed to include a request for any and all file folders within

which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or

attachments to the document in addition to the document itself.

8.      Documents attached to each other (physically or via electronic mail)

should not be separated.

9.      In producing the requested documents, even though the requests are

directed to "you," furnish all documents which are available to you, including documents in the

possession of any of your officers, directors, employees, agents, attorneys, investigators,

accountants or consultants and not merely such documents in your possession.

10.     A reference to a person or corporation, whether by name or description,

includes, where applicable, its divisions, subdivisions, controlling persons, officers, employees,

agents, and other persons acting or purporting to act on its behalf or under color of its authority.

11.     The Requests are intended to include all information in Your possession,

custody, or control, including, but not limited to, all information within the possession, custody,

or control of Your representatives, including Your attorneys and accountants, and any person or

entity acting on their behalf, as well as information in the possession of third parties who are

obligated to produce information at Your request.

12.     The requests which follow are to be regarded as continuing, and Jackson is

requested to provide by the way of supplementary compliance herewith, such additional

documents as Jackson may hereafter obtain, which will augment the documents now produced in

response to the requests below.  Such additional documents are to be produced at the offices of

Weil, Gotshal & Manges LLP promptly after receipt thereof.

13.     At a future date, Biggett may request the production of additional

documents based on information revealed during this document request.

14.     At a future date, Biggett may request to depose additional individuals

based on information revealed during this document request.

## RELEVANT TIME PERIOD

The relevant time period for each of the following requests is from and including January 1, 2010 through the present, unless otherwise indicated within the requests below.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**

All documents concerning Jackson's personal finances and the finances of your businesses, including, but not limited to:

a. Bank statements and statements from savings & loan institutions and credit unions

b. Credit card, bank card, and debit card statements

c. Loans or lines of credit

d. Tax returns for the years 2010, 2011, and 2012

e. Form W-2, pay stubs, and any other document with gross, net, weekly, or bi-weekly salary or income from any employment you have had from January 1, 2005 to present

f. Taxable and tax-deferred asset statements, including investment and retirement accounts

g. Any documents concerning alimony, loan payments, rental income, pensions, bank interest, stock dividends, or partnership distributions

h. All documents concerning the following accounts:

| Bank | Account Number Ending in | Account Holder |
|------|--------------------------|----------------|
| TD Bank | 5670 | Calvin Jackson |
| Banco Popular | 2501 | Calvin Jackson |
| Chase | 9469 | Calvin Jackson |
| Chase | 6791 | Calvin Jackson |
| Chase | 0289 | Calvin Jackson |
| Chase | 1688 | Orlando A. Tomlinson or Calvin Jackson |
| Chase | 6602 | Orlando A. Tomlinson DBA United Restoration & Development (Upon information and belief, Debtor possessed a bank card in connection with this account.) |

**REQUEST NO. 2.**

All documents concerning your businesses, including, but not limited to:

a. All documents relating to the corporate structure and governance of the businesses, including their articles of incorporation or similar organizational documents, board minutes, list of directors and officers, and shareholder resolutions

b. Contracts

c. Books and records

d. Names, contact information, and role of business associates, employees, and clients

e. Lists of inventory, equipment and tools, including records of the disposition or sale thereof

f. Documents relating to the transfer, gifting or disposition of any assets of your businesses

**REQUEST NO. 3.**

All documents evidencing the commingling, transferring, gifting or disposition of your assets, including, but not limited to, any transfers to relatives, partners, and businesses.

**REQUEST NO. 4.**

All documents concerning real property in which you have or had any interest, including deeds, financings, mortgages, security interests, and records of rent received, including, but not limited to:

| Address |
|---|
| 2819 Schley Avenue, Apartment 7C, Bronx, New York 10465-2728 |
| 30 Richmond Plaza, Apartment 10E, Bronx, New York 10453 |
| 1158 East 221st Street, Bronx, New York 10469 |
| 1177 Nelson Avenue, Bronx, New York 10452 |
| 560 Balcom Avenue, Apartment 2J, Bronx, New York 10465 |
| 1185 Anderson Avenue, 4C, Bronx, New York (Block 2510, Lot 50) |
| 40 Cornwall Lane, Middletown, New York 10940 |
| 4054 White Plains Road, Bronx, New York 10466 |
| 1046 East 226th Street, Bronx, New York 10466 |
| 1021 Ogden Avenue, Bronx, New York 10452-5104 |
| 23 Fanning St, Waterbury, Connecticut 06704 |
| 248 Washington Avenue, Apt 5, Brooklyn, New York 11205-4210 |

**REQUEST NO. 5.**

                        All documents concerning insurance policies in which you or your business have or had an interest.

**REQUEST NO. 6.**

                        All documents concerning motor vehicles in which you or your business have or had an interest.

## **EXHIBIT B**

## **ORDER TO COMPEL**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 7**
                                                    :
CALVIN JACKSON,                                     :          **Case No. 12-13722 (SMB)**
                                                    :
                              Debtor.               :
                                                    :
-------------------------------------------------------------------x

**ORDER GRANTING MOTION OF HELEN BIGGETT**
**TO COMPEL COMPLIANCE WITH ORDER GRANTING**
**MOTION, PURSUANT TO BANKRUPTCY RULE 2004, TO DIRECT THE**
**EXAMINATION OF WITNESSES AND FOR THE PRODUCTION OF DOCUMENTS**

Upon the Motion, dated May 16, 2013 (the "Motion"),[1] of Helen Biggett ("Ms. Biggett"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and section 105 of the Bankruptcy Code, to compel the Debtor to comply with the *Order Granting Motion Of Helen Biggett, Pursuant To Bankruptcy Rule 2004, To Direct The Examination Of Witnesses And For The Production Of Documents* (the "Discovery Order") [ECF No. 46], all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor shall comply with the Discovery Order by no later than ten (10) days after the entry of this Order; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: June 6, 2013
     New York, New York

                                /s/Burton R. Lifand
                                HONORABLE BURTON R. LIFLAND
                                UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT C**

## **CORRESPONDENCE**

# Weil, Gotshal & Manges LLP

BY COURIER
BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Erika del Nido**
+1 (212) 310-8323
erika.delnido@weil.com

June 19, 2013

Narissa A. Joseph, Esq.
177 Broadway, Suite 501
New York, New York 10007

Re: *In re Calvin Jackson* (Case No. 12-13722)

Dear Ms. Joseph:

As you know, on June 6, 2013, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order granting the *Motion of Helen Biggett to Compel Compliance with Order Granting Motion, Pursuant to Bankruptcy Rule 2004, to Direct the Examination of Witnesses and for the Production of Documents* [ECF No. 66] (the "Order to Compel"), attached hereto as Exhibit A. The Order to Compel provided that the Debtor must comply with the document request attached to the order granting the *Motion of Helen Biggett, Pursuant to Bankruptcy Rule 2004, to Direct the Examination of Witnesses and for the Production of Documents* [ECF No. 46] (the "Discovery Order"), attached hereto as Exhibit B, by **no later than June 17, 2013**.

As I am sure you are aware, Calvin Jackson (the "Debtor") has failed to comply with the Order to Compel. Indeed, no additional documents have been provided. Unless the Debtor fully complies with the Order to Compel by **June 25, 2013**, we will have no alternative but to seek appropriate remedies, including that your client, Calvin Jackson, be held in contempt of court.

Ms. Biggett reserves all of her rights, including all rights with respect to the Discovery Order and the Order to Compel, including the right to seek further relief from the Bankruptcy Court.

Very truly yours,

*Erika del Nido*

Erika del Nido

cc: Jil Mazer-Marino, Esq., Edward LoBello, Esq., Stephen Karotkin, Esq., Frank Grese, Esq.

Narissa A. Joseph
June 19, 2013
Page 2

**Weil, Gotshal & Manges LLP**

## EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 7
                                                    :
CALVIN JACKSON,                                     :        Case No. 12-13722 (SMB)
                                                    :
                              Debtor.               :
                                                    :
---------------------------------------------------------------------x

## ORDER GRANTING MOTION OF HELEN BIGGETT
## TO COMPEL COMPLIANCE WITH ORDER GRANTING
## MOTION, PURSUANT TO BANKRUPTCY RULE 2004, TO DIRECT THE
## EXAMINATION OF WITNESSES AND FOR THE PRODUCTION OF DOCUMENTS

Upon the Motion, dated May 16, 2013 (the "Motion"),[1] of Helen Biggett ("Ms. Biggett"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and section 105 of the Bankruptcy Code, to compel the Debtor to comply with the *Order Granting Motion Of Helen Biggett, Pursuant To Bankruptcy Rule 2004, To Direct The Examination Of Witnesses And For The Production Of Documents* (the "Discovery Order") [ECF No. 46], all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor shall comply with the Discovery Order by no later than ten (10) days after the entry of this Order; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order.

Dated: June 6, 2013
      New York, New York

                                   /s/Burton R. Lifland_____
                                   HONORABLE BURTON R. LIFLAND
                                   UNITED STATES BANKRUPTCY JUDGE

Narissa A. Joseph
June 19, 2013
Page 3

**Weil, Gotshal & Manges LLP**

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                    :

In re                             :        **Chapter 7**
                                      :

**CALVIN JACKSON,**         :        **Case No. 12-13722 (SMB)**
                                      :

                 **Debtor.**        :

                                      :
-------------------------------------------------------------------x

**ORDER GRANTING**
**MOTION OF HELEN BIGGETT, PURSUANT TO**
**BANKRUPTCY RULE 2004, TO DIRECT THE EXAMINATION**
**OF WITNESSES AND FOR THE PRODUCTION OF DOCUMENTS**

Upon the Motion, dated January 28, 2013 (the "Motion"),[1] of Helen Biggett ("Ms. Biggett"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing Ms. Biggett to issue subpoenas for the examination of witnesses and production of documents, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that the hearing on the Motion and related response deadline, solely with respect to Ms. Tianna (Jackson) Baez, who for the purposes of this Order shall not be one of the Discovery Parties, is adjourned *sine die*; and it is further

ORDERED that the Debtor shall comply with the document request attached hereto as Exhibit 1 by no later than ten (10) days after the entry of this order;

ORDERED that Ms. Biggett is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents from the Debtor and the Discovery Parties to accomplish the discovery authorized by this Order; and it is further

ORDERED that, unless otherwise agreed to by Ms. Biggett, the Debtor and the Discovery Parties shall have ten (10) days from the service of a subpoena to produce to Ms. Biggett all responsive documents requested in Ms. Biggett's subpoena; and it is further

ORDERED that the Debtor and the Discovery Parties shall produce themselves for examination by counsel to Ms. Biggett under oath and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Ms. Biggett; and it is further

ORDERED that, to the extent necessary, the Debtors' rights are reserved to request additional depositions and any additional documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the depositions provided pursuant to this Order; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

2

ORDERED that, this Order is without prejudice to Ms. Biggett's right to file

further motions seeking additional documents and testimony pursuant to Bankruptcy Rule

2004(a) or any other applicable law.


Dated: February 11, 2013
        New York, New York

                                        /s/ Burton R. Lifland_____
                                        HONORABLE BURTON R. LIFLAND

## **EXHIBIT 1**

## **SCHEDULE OF DOCUMENTS TO BE PRODUCED BY CALVIN JACKSON**

## **DEFINITIONS**

The terms used herein shall have the meanings ascribed to them in the definitions set forth below and should be given their most expansive and inclusive interpretation unless otherwise expressly limited. This includes, without limitation, the following.

1.     The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

2.     The term "any" shall mean any, all, each, and every.

3.     The term "concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

4.     The terms "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

5.     "Jackson" shall mean "Calvin Jackson."

6.     "Biggett" shall mean Helen Biggett.

7. "Dune Right" shall mean "Dune Rite Cleaning Contractors," "Dune Rite Cleaning Company," and all other aliases for such business.

8. "Businesses" shall mean Dune Rite (as defined above), CJ Consultants, Gilgal Associates, Inc., CK Beauty Supply, CG Beauty Supply Inc, LP Beauty Supply, United Restoration & Development, all aliases associated with each of these businesses, and any other business that Jackson owned or was associated with from January 1, 2005 to the present, including any corporations, sole proprietorships, partnerships, and informal business enterprises.

9. The word "including" means including, but not limited to.

10. "You," and "Your" shall mean Calvin Jackson, and any person, entity, or organization acting on his behalf or under his control, including any of his employers, employees, agents, representatives, family members, friends, acquaintances or business associates.

## GENERAL INSTRUCTIONS

The following General Instructions apply to each request set forth herein.

1. Terms shall be construed so that the masculine, feminine, and neuter pronouns include other genders.

2. The present tense of a verb shall include its past tense and vice versa.

3. Each request seeks production of each document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document.

4. If any document requested herein was formerly in your possession, custody or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who

prepared or authored the document and, if applicable, the person(s) to whom the document was

sent, (c) specifying the date on which the document was prepared or transmitted and (d)

specifying the date on which the document was lost or destroyed and, if destroyed, the conditions

of and reasons for such destruction and the person(s) requesting and performing the destruction.

5.      If any document requested herein is withheld on the basis of any claim of

privilege, you are requested to submit, in lieu of any such document, a written statement (a)

identifying the person(s) who prepared or authored the document, and, if applicable, the

person(s) to whom the document was sent or shown, (b) specifying the date on which the

document was prepared or transmitted, (c) describing the nature of the document (e.g., letter,

telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute

work product, and (e) identifying the paragraph of this request to which the document relates.

6.      All documents are to be produced as kept in the usual course of business

or are to be organized and labeled to correspond with the categories in this request.  The method

for production of each category is to be identified at the time of production.  Documents are to be

produced in full and unexpurgated form.

7.      Each page of each document should be numbered consecutively.  A

request for a document shall be deemed to include a request for any and all file folders within

which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or

attachments to the document in addition to the document itself.

8.      Documents attached to each other (physically or via electronic mail)

should not be separated.

9.      In producing the requested documents, even though the requests are

directed to "you," furnish all documents which are available to you, including documents in the

possession of any of your officers, directors, employees, agents, attorneys, investigators, accountants or consultants and not merely such documents in your possession.

10.     A reference to a person or corporation, whether by name or description, includes, where applicable, its divisions, subdivisions, controlling persons, officers, employees, agents, and other persons acting or purporting to act on its behalf or under color of its authority.

11.     The Requests are intended to include all information in Your possession, custody, or control, including, but not limited to, all information within the possession, custody, or control of Your representatives, including Your attorneys and accountants, and any person or entity acting on their behalf, as well as information in the possession of third parties who are obligated to produce information at Your request.

12.     The requests which follow are to be regarded as continuing, and Jackson is requested to provide by the way of supplementary compliance herewith, such additional documents as Jackson may hereafter obtain, which will augment the documents now produced in response to the requests below.  Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

13.     At a future date, Biggett may request the production of additional documents based on information revealed during this document request.

14.     At a future date, Biggett may request to depose additional individuals based on information revealed during this document request.

## RELEVANT TIME PERIOD

The relevant time period for each of the following requests is from and including January 1, 2010 through the present, unless otherwise indicated within the requests below.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**

All documents concerning Jackson's personal finances and the finances of your businesses, including, but not limited to:

a. Bank statements and statements from savings & loan institutions and credit unions

b. Credit card, bank card, and debit card statements

c. Loans or lines of credit

d. Tax returns for the years 2010, 2011, and 2012

e. Form W-2, pay stubs, and any other document with gross, net, weekly, or bi-weekly salary or income from any employment you have had from January 1, 2005 to present

f. Taxable and tax-deferred asset statements, including investment and retirement accounts

g. Any documents concerning alimony, loan payments, rental income, pensions, bank interest, stock dividends, or partnership distributions

h. All documents concerning the following accounts:

| Bank | Account Number Ending in | Account Holder |
|------|--------------------------|----------------|
| TD Bank | 5670 | Calvin Jackson |
| Banco Popular | 2501 | Calvin Jackson |
| Chase | 9469 | Calvin Jackson |
| Chase | 6791 | Calvin Jackson |
| Chase | 0289 | Calvin Jackson |
| Chase | 1688 | Orlando A. Tomlinson or Calvin Jackson |
| Chase | 6602 | Orlando A. Tomlinson DBA United Restoration & Development (Upon information and belief, Debtor possessed a bank card in connection with this account.) |

**REQUEST NO. 2.**

All documents concerning your businesses, including, but not limited to:

a. All documents relating to the corporate structure and governance of the businesses, including their articles of incorporation or similar organizational documents, board minutes, list of directors and officers, and shareholder resolutions

b. Contracts

c. Books and records

d. Names, contact information, and role of business associates, employees, and clients

e. Lists of inventory, equipment and tools, including records of the disposition or sale thereof

f. Documents relating to the transfer, gifting or disposition of any assets of your businesses

**REQUEST NO. 3.**

All documents evidencing the commingling, transferring, gifting or disposition of your assets, including, but not limited to, any transfers to relatives, partners, and businesses.

**REQUEST NO. 4.**

All documents concerning real property in which you have or had any interest, including deeds, financings, mortgages, security interests, and records of rent received, including, but not limited to:

| Address |
| --- |
| 2819 Schley Avenue, Apartment 7C, Bronx, New York 10465-2728 |
| 30 Richmond Plaza, Apartment 10E, Bronx, New York 10453 |
| 1158 East 221st Street, Bronx, New York 10469 |
| 1177 Nelson Avenue, Bronx, New York 10452 |
| 560 Balcom Avenue, Apartment 2J, Bronx, New York 10465 |
| 1185 Anderson Avenue, 4C, Bronx, New York (Block 2510, Lot 50) |
| 40 Cornwall Lane, Middletown, New York 10940 |
| 4054 White Plains Road, Bronx, New York 10466 |
| 1046 East 226th Street, Bronx, New York 10466 |
| 1021 Ogden Avenue, Bronx, New York 10452-5104 |
| 23 Fanning St, Waterbury, Connecticut 06704 |
| 248 Washington Avenue, Apt 5, Brooklyn, New York 11205-4210 |

**REQUEST NO. 5.**

       All documents concerning insurance policies in which you or your business have or had an interest.

**REQUEST NO. 6.**

       All documents concerning motor vehicles in which you or your business have or had an interest.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                               :

In re                            :        Chapter 7
                                 :

CALVIN JACKSON,           :        Case No. 12-13722 (BRL)
                                 :

                   Debtor.     :

                                 :
---------------------------------------------------------------------x

### ORDER GRANTING MOTION OF HELEN BIGGETT
### FOR CONTEMPT SANCTIONS AND RELATED RELIEF

Upon the Motion, dated July 10, 2013 (the "Motion"),[1] of Helen Biggett ("Ms. Biggett"), pursuant to Rule 9020 of the Federal Rules of Bankruptcy Procedure and section 105 of the Bankruptcy Code, for contempt sanctions and related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that the Debtor is hereby held in contempt of Court; and it is further

        ORDERED that the Debtor may purge itself of the foregoing contempt finding by

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\44280874\7\99995.4531

fully complying with the Order to Compel within ten (10) days of the entry of this Order; and it
is further

ORDERED that if the Debtor fails to fully comply with the Order to Compel
within ten (10) days of the entry of this Order, then the Court hereby imposes a daily fine in the
amount of $400 per day, payable to the estate from postpetition assets of the Debtor, beginning
on the eleventh (11th) day after the entry of this Order, until the Debtor fully complies with the
Order to Compel; and it is further

ORDERED that Ms. Biggett's deadline to move to dismiss the Debtor's Chapter 7
Case, to object to the Debtor's discharge, and to object to the dischargeability of certain debts
under sections 707(b), 727, and 523 of the Bankruptcy Code, which deadline is currently July 31,
2013, is extended *sine die*, subject to further order of the Court; and it is further

ORDERED that Ms. Biggett's rights, including the right to pursue additional
sanctions, are fully reserved; and it is further

2

ORDERED that, this Court shall retain jurisdiction to resolve any matters arising

or related to this Order including any discovery disputes that may arise between or among the

parties and to interpret, implement and enforce the provisions of this Order.


Dated: _____
        New York, New York

                                    _____
                                    HONORABLE BURTON R. LIFLAND
                                    UNITED STATES BANKRUPTCY JUDGE

3