Presentment Date and Time: February 21, 2014 at 12:00 p.m.
Objection Deadline: February 20, 2014 at 5:00 p.m.

Edward J. LoBello
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone:  (516) 741-6565
Facsimile:   (516) 741-6706

*Counsel for Jil Mazer-Marino, the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

CALVIN JACKSON,

Debtor.
-----------------------------------------------------------------X

Chapter 7

Case No. 12-13722 (CGM)

### TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 2004 FOR ORDER AUTHORIZING TRUSTEE TO ISSUE SUBPOENAS TO OBTAIN DOCUMENTS FROM, AND IF NECESSARY, CONDUCT EXAMINATIONS OF, JPMORGAN CHASE BANK, N.A., AMALGAMATED BANK, MUNICIPAL CREDIT UNION OF NEW YORK CITY, NEW YORK, AND TD BANK, N.A.

TO THE HONORABLE CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for the bankruptcy estate of Calvin Jackson (the "**Debtor**"), by her counsel, Meyer, Suozzi, English & Klein, P.C., for her motion (the "**Motion**") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the form annexed hereto as Exhibit "A," authorizing the Trustee to issue one or more subpoenas to obtain documents from, and if necessary, conduct examinations of, JPMorgan Chase Bank, N.A., Amalgamated Bank, Municipal Credit Union of New

York City, New York, and TD Bank, N.A. (collectively, the "**Banks**") regarding the accounts of Stephanie Bellejambe, respectfully represents as follows:

## FACTS

**A.    General**

1.    The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code on August 30, 2012 (the "**Petition Date**").

2.    Upon information and belief, prior to the Petition Date, from time to time the Debtor had been engaged in the home improvement and/or construction business.

3.    The Trustee was appointed interim trustee for the Debtor by the United States Trustee on August 31, 2012, and subsequently qualified as permanent trustee on October 3, 2012.

**B.    The Subject of the 2004 Examination**

4.    Since her appointment to this case, the Trustee has been investigating the assets of the Debtor's estate. The Trustee has determined that, prior to the Petition Date, the Debtor had access to or utilized various bank accounts in the names of third parties and had been making deposits and withdrawals into these accounts. The Trustee believes that the Debtor may have been utilizing third party accounts for the purpose of concealing his assets in order to hinder, delay, and defraud certain creditors of the Debtor.

5.    Among the third parties whose accounts the Trustee believes that the Debtor may have had access to or utilized is Stephanie Bellejambe, the Debtor's sister. In this regard, on July 30, 2013, the Trustee obtained a Bankruptcy Rule 2004 Order authorizing the Trustee to issue a subpoena to Ms. Bellejambe in order to review requested documents and conduct her examination.

6.    At this time, Ms. Bellejambe is cooperating with the Trustee's investigation into the Estate's assets. However, Ms. Bellejambe has represented to the Trustee that she is unable to obtain

all of the bank account statements relevant to the Trustee's investigation without incurring a great expense. Specifically, the Trustee is seeking Ms. Bellejambe's bank account statements and copies of the front and back of cancelled checks for the period August 30, 2006 through the Petition Date.

## JURISDICTION

7.  This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Bankruptcy Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. Venue is proper pursuant to 28 U.S.C. § 1409. The predicate for the Motion is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

8.  By this Motion, the Trustee is seeking entry of an order authorizing the Trustee to issue subpoenas to obtain documents from, and if necessary, conduct examinations of, the Banks regarding Ms. Bellejambe's bank accounts at the Banks for the period August 30, 2006 through and including the Petition Date.

## BASIS FOR RELIEF

9.  Bankruptcy Rule 2004(a) provides: "On motion of any party in interest, the court may order the examination of any entity." The scope of examinations under Bankruptcy Rule 2004(b) may include, among many other things, any matter that may relate to the property and assets of the estate, the financial condition of the Debtor, any matter that may affect the Debtor's right to a discharge, and any matter which may affect the administration of a Debtor's estate.

10. The scope of a Bankruptcy Rule 2004 examination is very broad and is commonly recognized as more in the nature of a "fishing expedition." *See In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005); *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *In re Balakis*, 199 B.R.

3

443, 447 (Bankr. E.D.N.Y. 1996); *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass 1985). The purpose of a Rule 2004 examination is to assist the investigator in revealing the nature and extent of the estate and to discover assets of the Debtor that my have been intentionally or unintentionally concealed. *See In re Bennett Funding Group, Inc.*, 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996). "Rule 2004 has been termed the basic discovery device used in bankruptcy cases, permitting the examination of any party without the requirement of a pending adversary proceeding or contested matter. . . . Its obvious purposes are the discovery of assets of the estate and the exposure of fraudulent conduct." *In re Symington*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997) (citations omitted).

11. As set forth above, based upon information obtained during the course of the Trustee's investigation, the Trustee has numerous unanswered questions regarding the Debtor's assets and financial affairs. The Trustee believes that the Debtor may have had access to or utilized Ms. Bellejambe's accounts at the Banks. Accordingly, it is respectfully submitted that entry of an order authorizing the Trustee to issue subpoenas to obtain documents from, and if necessary, conduct examinations of, the Banks regarding Ms. Bellejambe's bank accounts at the Banks for the period August 30, 2006 through and including the Petition Date, is appropriate and necessary.

## NOTICE

12. Notice of this Motion has been given to the Debtor, counsel for Ms. Bellejambe, the Banks, the Office of the United States Trustee, and all parties that have filed a notice of appearance in the Debtor's chapter 7 case.

**WHEREFORE**, it is respectfully requested that the Court enter an Order substantially in the form annexed hereto as Exhibit "A," authorizing the Trustee to issue subpoenas to obtain documents from, and if necessary, conduct examinations of the Banks, and for such other and further relief as

the Court deems just and proper.

Dated: Garden City, New York
      February 6, 2014                    MEYER SUOZZI ENGLISH & KLEIN, P.C.
*Counsel for Jil Mazer-Marino, the*
  *Chapter 7 Trustee*

By: */s/ Edward J. LoBello*
      Edward J. LoBello
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
(516) 741-6565

5

977562