UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
In re                                                   :    Case No. 12-13722 (CGM)
                                                        :
    **CALVIN JACKSON,**                           :    (Chapter 7)
                                                        :
        Debtor.                                 :
------------------------------------------------------- x
**WILLIAM K. HARRINGTON, the**                          :
**UNITED STATES TRUSTEE**,                              :    Adv. Proceeding No. 13-1690 (CGM)
                                                        :
        Plaintiff,                              :
                                                        :
    - *vs.* -                                    :
                                                        :
**CALVIN JACKSON**,                                     :
                                                        :
        Defendant.                              :
------------------------------------------------------- x
**HELEN BIGGETT**,                                      :
                                                        :    Adv. Proceeding No. 13-1688 (CGM)
        Plaintiff,                              :
                                                        :
    - *vs.* -                                    :
                                                        :
**CALVIN JACKSON**,                                     :
                                                        :
        Defendant.                              :
-------------------------------------------------------x

**STIPULATION AND ORDER**
**WAIVING DISCHARGE AND IMPLEMENTING RELATED RELIEF**

1

Subject to Court approval, William K. Harrington, as the United States Trustee for Region 2, Helen Biggett, unsecured creditor, and Calvin Jackson, Debtor, all by and through counsel, hereby stipulate as follows:

**Background**

(1)     Calvin Jackson (the "Debtor") in the above captioned case, filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code") on August 30, 2012.

(2)     Jil Mazer-Marino was appointed interim trustee and thereafter became permanent trustee pursuant to section 702(d) of the Bankruptcy Code.

(3)     Following the review by the Office of the United States Trustee of the Debtor's Petition, Schedules, Statement of Financial Affairs, documents and statements provided by the Debtor, and the Debtor's testimony under oath at his meeting of creditors, the United States Trustee raised concerns regarding the Debtor's eligibility to obtain a discharge under Chapter 7 of the Bankruptcy Code.

(4)     On November 20, 2013, Helen Biggett filed the Complaint of Helen Biggett Objecting to Discharge of Debtor Pursuant to Sections 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and 727(a)(6)(A) of the Bankruptcy Code (the "Complaint"). Biggett v. Jackson, Adv. Pro. No. 13-1688 (CGM).

(5)     On November 22, 2013, the United States Trustee filed his Complaint Objecting to Discharge of Debtor Pursuant to 11 U.S.C. sections 727(a)(2)(A), 727(a)(2)(B), 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), 727(a)(5), and 727(a)(6)(A). Harrington v. Jackson, A.P. No. 13-1690 (CGM) (collectively with the action set forth in ¶ 4 above, the "Adversary Proceedings").

**Stipulation**

WHEREAS, upon further discussions between the United States Trustee, Ms. Biggett and the Debtor, all through counsel, and upon further consideration:

(A)   The Debtor hereby waives, with prejudice, the discharge of debts sought in this Chapter 7 bankruptcy case.

(B)   The Adversary Proceedings are hereby discontinued with prejudice; provided, however, and for the avoidance of doubt, that other than recommencing her above-referenced adversary proceeding seeking denial of discharge under section 727 of the Bankruptcy Code in the above-referenced chapter 7 case, Ms. Biggett reserves any and all rights and claims that she has or may have against the Debtor, the Debtor's estate, or any third party, including with respect to any allegations set forth in the Complaint.

(C)   The foregoing waiver of discharge by the Debtor shall not be deemed an admission of any of the allegations made in the complaints filed in the Adversary Proceedings, or of wrongdoing by the Debtor.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

3

| | | |
|---|---|---|
| Dated: New York, New York<br>   February 28, 2014 | | CALVIN JACKSON<br>DEBTOR |
| | By | */s/ Calvin Jackson*    <br>Calvin Jackson |

Dated: New York, New York     CALVIN JACKSON
   February 28, 2014        DEBTOR

              By:   */s/ Wayne Greenwald*    
                 Wayne Greenwald
                 Wayne Greenwald, P.C.
                 Attorneys for Debtor
                 475 Park Avenue South – 26th floor
                 New York, New York 10016

Dated: New York, New York     WILLIAM K. HARRINGTON
   February 28, 2014        UNITED STATES TRUSTEE

              By:   */s/ Andrew D. Velez-Rivera*    
                 Andrew D. Velez-Rivera
                 Trial Attorney
                 Office of the United States Trustee
                 U.S. Federal Building
                 New York, New York 10014

Dated: New York, New York     HELEN BIGGETT
   February 28, 2014

              By:   */s/ Stephen Karotkin*    
                 Stephen Karotkin
                 Frank Grese
                 Erika del Nido
                 Weil, Gotshal & Manges LLP
                 767 Fifth Avenue
                 New York, New York 10153



                 */s/ Cecelia G. Morris*
                 _____

**Dated: March 4, 2014**
US_ACTIVE:\44433896\3\99995.4531
**Poughkeepsie, New York**        **Hon. Cecelia G. Morris**
                 **Chief U.S. Bankruptcy Judge**